## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TAMI MAYBIN<br>    Plaintiff,<br><br>v.<br><br>CKS PRIME INVESTMENTS, LLC<br>    Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Tami Maybin, an individual consumer, against Defendant CKS Prime Investments, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendant transacts business in Port

Charlotte, Florida, and the conduct complained of occurred in Port Charlotte, Florida.

## III.  PARTIES

3. Plaintiff Tami Maybin (hereinafter "Plaintiff") is a natural person residing in Port Charlotte, Florida. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Plaintiff is alleged to owe a "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) and the alleged debt at issue arose from a transaction entered into primarily for personal use.

5. Upon information and belief CKS Prime Investments, LLC is a Virginia corporation.

6. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

## IV. FACTS OF THE COMPLAINT

7. Defendant CKS Prime Investments, LLC (hereinafter referred to as "Defendant" or "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. On or about January 13, 2024, Plaintiff reviewed her credit report on CreditKarma.com.

9. On the credit report, Plaintiff observed a trade line from Defendant.

10. Defendant furnished a trade line of $807.00 allegedly owed to Genesis FS Card Services, Inc..

11. On or about January 13, 2024, Plaintiff mailed a dispute letter via certified mail to Defendant disputing the alleged debt.

12. On January 16, 2024, Plaintiff received notice from USPS that the letter was received by Defendant.

13. On or about February 17, 2024, Plaintiff reviewed her credit report again and Defendant's information was not marked disputed. Defendant has had subsequent communication with the consumer reporting agencies and failed to communicate Plaintiff's dispute.

14. The Defendant's violation of the FDCPA is material because Defendant's failure to update her credit report would make an unsophisticated consumer believe that she did not have the rights Congress had granted to her under the FDCPA. This alleged violation of the FDCPA is sufficient to show an injury-in-fact. *Evans v. Portfolio Recovery Associates.*, 2018 U.S. App. LEXIS 11372

*(7th Cir. 2018)*: *See also Sayles, supra*, 865 F.3d at 250 (debt collector's violation exposed consumer to "a real risk of financial harm caused by an inaccurate credit rating").

15. The Defendant's violation of the FDCPA is a material violation of the statute. Indeed, as the Seventh Circuit Court of Appeals stated" "[p] ut simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score. *Evans, supra*, at *20.

16. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece information, namely that the debt is disputed.

17. Defendant's failure to mark the debt as disputed caused Plaintiff actual damages including a damaged FICO score, emotional distress, mental anguish. Which manifested in symptoms including but not limited to stress, anxiety, sleeplessness, headaches, worry, and hopelessness.

## V. FIRST CLAIM FOR RELIEF
**(CKS Prime Investments, LLC)**
**15 U.S.C 1692e(8)**

18. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

19. Defendant violated the FDCPA.

20. Defendant's violations include, but are not limited to the following:

    (a) Defendant violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that the alleged debt was disputed by Plaintiff.

21. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C 1692k(a)(2);

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**The Law Office of Cortney E. Walters, PLLC**
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
/s/ Cortney Walters, Esq
CORTNEY WALTERS, Esq.
Florida Bar No. 125159
pleadings@cewlawoffice.com
(954) 874-8022
Lead Attorney